UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AMBROSE HASKINS,

                       Plaintiff,

      -against-

THE CITY OF NEW YORK, NYPD DETECTIVE JOHN CARUSO, Shield No. 1593, NYPD DETECTIVE JORDAN ABIDIN, Shield No. 3494, NYPD DETECTIVE IVAN LUCIANO, Shield No. 4347, and NYPD POLICE OFFICERS JOHN DOES NUMBERS ONE THROUGH TEN,

                       Defendants.

------------------------------------------------------------------- X

COMPLAINT AND JURY DEMAND

DOCKET NO. 1:25-CV-2922

ECF CASE

       Plaintiff Ambrose Haskins, by his attorneys, Shulman-Hill, PLLC, as and for his Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

       1.    This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

       2.    This claim arises from a January 31, 2021 incident in which defendants, acting under color of state law falsely arrested Plaintiff in the vicinity of 138th Street and Alexander Avenue, County of Bronx, New York. Plaintiff was subjected to 3 years and 7 months in unlawful custody at the NYPD 40th Precinct, Bronx County Central Bookings, and Rikers Island Correctional Facility. All charges made against the Plaintiff were dismissed and sealed in their entirety on or around November 18, 2024.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

6. This Court further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

7. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-i. Plaintiff served a notice of claim on the Municipal defendants on December 2, 2024, within the time required by New York General Municipal Law Section 50e. More than 30 days have passed since the service of the Notice of Claim.

8. On March 20, 2025, Plaintiff submitted to an examination pursuant to New York General Municipal Law 50-h.

## VENUE

9. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in New York County, City and State of New York.

8. The City of New York (the "City") is a municipal corporation, created and authorized under the laws of the State of New York. Pursuant to Section 431 of its Charter, the City of New York has established and maintains the New York City Police Department (the "NYPD") as a constituent department or agency. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers

9. The City was the employer of NYPD Defendants Caruso, Abidin, Luciano, and the yet unidentified John and Jane Does 1-10.

10. The City was, at all times relevant to this action, responsible for the policies, practices, and customs of the NYPD, which it maintains.

11. Defendant, Detective John Caruso, Shield No. 1593 (hereinafter "Caruso" or "Detective Caruso"), was at all times relevant herein, an NYPD police officer, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York.

12. At all times relevant herein, Caruso was assigned as a police officer to the 40th precinct.

13. At all times relevant herein, Caruso was acting within the scope of his employment.

14. Caruso is being sued in his individual and official capacities.

15. Defendant, Detective Jordan Abidin, Shield No. 3494 (hereinafter "Abidin" or "Detective Abidin"), was at all times relevant herein, an NYPD police officer, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York.

16. At all times relevant herein, Abidin was assigned as a police officer to the 40th precinct.

17. At all times relevant herein, Abidin was acting within the scope of his employment.

18. Abidin is being sued in his individual and official capacities.

19. Defendant, Detective Ivan Luciano, Shield No. 4347 (hereinafter "Luciano" or "Detective Luciano"), was at all times relevant herein, an NYPD police officer, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York.

20. At all times relevant herein, Luciano was assigned as a police officer to the 40th precinct.

21. At all times relevant herein, Luciano was acting within the scope of her employment.

22. Luciano is being sued in his individual and official capacities.

23. On information and belief, at all times relevant hereto, Defendant Caruso, Abidin, Luciano, and Defendant John Doe 1-10, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

24. Upon information and belief, NYPD Defendants Caruso, Abidin, Luciano, and the yet unidentified John and Jane Does 1-10.were under the command of the 40th precinct on the date of the incident.

25. While an officer at the 40th precinct, NYPD Defendants Caruso, Abidin, Luciano, and the yet unidentified John and Jane Does 1-10. supervisors failed to train, supervise, discipline and control them.

26. On information and belief, at all times relevant hereto NYPD Defendants Caruso, Abidin, Luciano, and the yet unidentified John and Jane Does 1-10.were under the command of the 40th precinct and are sued in their individual capacity.

27. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On January 31, 2021, at approximately 8:00 a.m., Plaintiff was lawfully present at or near the vicinity of 138th Street and Alexander Avenue, County of Bronx, New York, when the defendant Police Officers unlawfully arrested Plaintiff without probable cause or legal justification.

15. At the aforementioned place and time, Plaintiff had just reached the underground MTA 6-Train Subway station, when the Defendant Officers approached, detained, and handcuffed Plaintiff.

16. It was at this point that Defendant Caruso began to arrest the plaintiff, restraining him with metal handcuffs and subjecting him to unlawful pat-down search.

17. At no time relevant herein did Plaintiff commit a crime or violate the law in any way, nor did the police officers have an objective reason to accuse Plaintiff of committing a crime or violating the law in any way.

18. At no point did Defendant Officers recover any drugs, weapons, graffiti instruments, or other illegal contraband from Plaintiff or from a location that was in Plaintiff's possession, custody, or control.

19. Plaintiff did not resist arrest.

20. Nevertheless, Plaintiff was unlawfully arrested and handcuffed by the defendant officers without legal justification or probable cause.

21. Thereafter, the plaintiff was transported against his will to the NYPD 40th Precinct by Defendants, where he was fingerprinted, photographed, and placed in a holding cell.

22. Plaintiff was then brought to an interrogation room, where the Defendant Detectives proceeded to interrogate and question him.

23. During this interrogation, Plaintiff was shown still photos from video surveillance of a person that was not him.

24. The Defendant Detectives repeatedly lied to Plaintiff, to try and get him to incriminate himself, to no avail.

25. Plaintiff made zero incriminating statements to the Defendant Detectives during the interrogation.

26. Plaintiff was then transported to Bronx County Central Bookings, where he was arraigned and charged with Murder in the 2nd Degree.

27. While Plaintiff was in custody, NYPD Defendants Caruso, Abidin, Luciano, and the yet unidentified John and Jane Does 1-10.provided the Bronx County District Attorney's Office with the false, misleading and/or incomplete information that Plaintiff committed a crime.

28. Specifically, Defendants Caruso, Abidin, Luciano and Police Officers John Doe 1-10 falsely stated to the Bronx County District Attorney's Office that Plaintiff committed a murder and other related charges.

29. More specifically, Defendant Detective Abidin falsely claimed that Plaintiff matched the identification of the real perpetrator in video surveillance.

30. This video surveillance was grainy, , and it was clear that based on the clothes that the perpetrator was wearing, that it was not Plaintiff depicted in the video.

31.    On or about February 1, 2021, the plaintiff was arraigned in criminal court, charged with crimes he did not commit, and was thereafter remanded to Rikers Island Correctional Facility.

32.    While in custody at Rikers, Plaintiff was subjected to dangerous and inhumane conditions, including but not limited to a physical assault at the hands of a corrections officer, and being locked up without food or water for days on end.

33.    During their Grand Jury testimony, defendant officers lied about the facts of this case in an attempt to secure an illegal indictment against the Plaintiff.

34.    Upon information and belief, there was no DNA, forensic evidence, witness statements, confessions, or physical evidence connecting Plaintiff to this crime.

35.    The only piece of evidence connecting Plaintiff to this murder was the incorrect and false Identification by Defendant Detective Abidin.

36.    After intricate review of video surveillance of the incident, it was clear that defendant officers' testimony in the grand jury the incident in question was false.

37.    Plaintiff was thereafter forced to spend approximately 3 years and 7 months in unlawful police custody at Rikers Island.

38.    In September of 2024, Plaintiff was granted house arrest and an ankle monitor, and was released from Rikers Island.

39.    On or about November 18, 2024, all criminal charges were dismissed and sealed against Plaintiff.

40.    Some of the police officer defendants, including Defendants Caruso, Abidin, Luciano and Defendant Police Officers John Doe 1-10 observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did

nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

41. During all of the events described, Defendants Caruso, Abidin, Luciano Defendant Police Officers John Doe 1-10 acted maliciously and with the intent to injure plaintiff.

42. The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused Plaintiff to sustain physical, psychological, and emotional trauma.

## DAMAGES

40. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

   b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

   c) Physical pain and suffering;

   d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   e) Loss of liberty;

   f) Lost wages; and

**FIRST CAUSE OF ACTION**
False Arrest/Imprisonment under New York State Law
(Against individual defendants)

1. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

2. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

3. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

4. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

5. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

6. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to loss of liberty, emotional and psychological injuries.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 Claim for Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial
(Against Defendants Caruso, Abidin, Luciano)

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Plaintiff committed a murder.

45. Specifically, Defendant Abidin fabricated the identification of Plaintiff in video surveillance.

46. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

47. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
42 U.S.C. § 1983 Malicious Prosecution
(Against individual defendants)

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

52. Defendant Abidin misrepresented and or falsified evidence before the grand jury, namely his identification of plaintiff on a video, to procure an indictment in bad faith.

53. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Common Law Malicious Prosecution
(Against individual defendants and the City of New York)

53. The Plaintiffs repeat, reiterate, and re-allege the foregoing paragraphs as if the same were fully set forth at length herein.

54. The acts and conduct of the Defendants constitute malicious prosecution under the New York State Constitution.

55. Defendants commenced and continued criminal proceedings against Plaintiffs.

56. There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiffs and for each of the charges for which they were prosecuted.
7. Defendant Abidin misrepresented and or falsified evidence before the grand jury, namely his identification of plaintiff on a video, to procure an indictment in bad faith.

57. The prosecution and criminal proceedings terminated in Plaintiffs' favor on the aforementioned dates.

### FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 *Monell* Claim for actions of the NYPD
(Against Defendant City of New York)

58. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

59. Chapter 18 of the New York City Charter provides that a Police Commissioner is appointed by the Mayor, who serves at the pleasure of the Mayor.

60. The Commissioner is the chief officer of the police force and is charged with its governance, discipline, and administration.

61. The Mayor, the City Counsel, and the Commissioner had final policymaking authority regarding establishment of written policies and training programs governing the conduct of NYPD officers performing duties on behalf of the City.

62. The Mayor, the City Counsel, and the Police Commissioner established and/or ratified the NYPD's written policies and training governing the conduct of NYPD officers performing duties on behalf of the City.

63. The written policies and training established and/or approved by the Mayor, the City Counsel, and the Police Commissioner constitute the official policy of the City and were the moving force behind and causing the wrongful arrest and conviction of Plaintiff.

64. The City, acting by and through its mayor and/or other policymakers, had knowledge of the NYPD's unconstitutional patterns and practices, and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

65. The City, acting by and through its mayor and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the NYPD's unconstitutional patterns and practices and was deliberately indifferent to, and/or tacitly authorized same.

66. At the time of Mr. Ambroses' arrest, and prosecution the NYPD had a custom and practice to rely on unduly suggestive identification procedures, suppress evidence or intentionally omit evidence, and failures to investigate.

67. This custom and practice facilitated the suppression of evidence in bad faith and allow exculpatory or potentially exculpatory evidence that defendants would be entitled to, to be withheld from defendants, their attorneys, grand jury's, prosecutors, and petit juries alike.

68. At the time of Mr. Ambroses' arrest, and prosecution , the NYPD also had a custom and practice not to internally investigate, reprimand, sanction, or otherwise discipline NYPD officer for their misconduct.

69. This custom and practice encouraged, condoned, and ratified the individual officers deliberate and reckless disregard of their constitutional duties.

70. This participation by the City caused and allowed for officer to act with impunity and without fear of retribution.

71. The unconstitutional policies, practices, and customs defined herein – which may only be further supported through extensive discovery – were the moving force behind Mr. Ambroses' arrest, and prosecution.

72. Plaintiff was arrested and prosocuted as a direct and proximate result of the acts and omissions of the City, specifically the ratified practices and policies permitting the suppression of evidence and intentional omission of evidence, the use of unduly suggestive identification procedures, and failures to investigate.

73. As a direct and proximate result of the acts and omissions described herein, he suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

74. Plaintiff is entitled to recovery of costs, including reasonable attorney's fees, under 42 U.S.C. § 1988.

75. These unlawful policies, practices, procedures, and customs of defendant City were a substantial factor in bringing about the violations of Plaintiff's rights under the constitution and laws of the United States in causing his wrongful arrest, imprisonment, and related damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

    a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's

causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 9, 2025
New York, New York                    Respectfully submitted,

*Cary London*
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Haskins
Shulman & Hill, PLLC
1 State Street Plaza – 15th FL
New York, NY 10004
(212)-203-1090
Cary@Shulman-Hill.com